# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ZUHAIR AFANEH, et al.,

        Plaintiff,              :        Case No. 3:07-cv-293

                                     District Judge Walter Herbert Rice

    -vs-                          Chief Magistrate Judge Michael R. Merz

                            :

MARK B. HANSEN, District Director,
Citizenship and Immigration Services,

        Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This is an action brought by Plaintiffs Zuhair Afaneh and Samar Al Aqqad to compel Defendant to approve their applications for United States citizenship (Complaint, Doc. No. 1, Introduction). The case is before the Court on Defendant's Motion to Dismiss or Remand (Doc. No. 7) which Plaintiffs oppose (Doc. No. 8).

Although Plaintiffs' Applications for Naturalization have been recommended for approval, Defendant agency has not completed the background checks required. In particular, the FBI name check has been long delayed in its completion.

While continuing to argue that this Court does not have subject matter jurisdiction, Defendant concedes that this Court has found it has jurisdiction under 8 U.S.C. § 1447(b) in a case which does not differ materially on the facts. *Affaneh v. Hansen*, 2007 WL 295474 (S.D. Ohio Jan. 29, 2007)(Rose, J.). Defendant has offered no persuasive distinction of that precedent. In the absence of supervening case authority from the Supreme Court or the Court of Appeals, this Court is bound, under the doctrine of *stare decisis,* to follow decisions of its own judges. *United States*

*v. Hirschhorn*, 21 F.2d 758 (S.D.N.Y. 1927);  Henry Campbell Black, *The Law of Judicial Precedents*, §104 (1912).  Therefore this Court should conclude, consistent with Affaneh, that it does have jurisdiction under 8 U.S.C. §1447(b) and, to that extent, deny the Motion to Dismiss.

However, in the exercise of its jurisdiction under § 1447(b), the Court has the authority to hear the Applications for naturalization or to remand them to Defendant for completion.  As noted by Judge Rose in *Affaneh, supra,* this Court does not have the capacity to complete the background check which Congress has mandated in these cases prior to adjudication.  While Plaintiffs have a strong interest in admission to citizenship as promptly as possible, such admission is a privilege which Congress can properly condition on appropriate background checks, in this case conducted by the FBI.

It is therefore respectfully recommended that this matter be remanded to the Citizenship and Immigration Service with directions to determine Plaintiffs' Applications promptly after the FBI background check is completed.

February 21, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d

435 (1985).